UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LARRY RUMBOUGH,

    Plaintiff,

-v-

Case No. 6:12-cv 818-ORL-22-DAB

CAPITAL ONE BANK; ALLIANCEONE
RECEIVABLES MANAGEMENT, INC.,

    Defendants.

### VERIFIED COMPLAINT

Plaintiff, Larry Rumbough, hereby sues Defendants, CAPITAL ONE BANK and ALLIANCEONE RECEIVABLES MANAGEMENT, INC.; and alleges:

### PRELIMINARY STATEMENT

1. This is an action for damages brought for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.*; for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*; for damages for damages for violations of the Florida Consumer Collection Practices Act (FCCPA), and Fla. Stat. §559(Part VI) *et seq.*

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p, 15 U.S.C. §1692k), and Fla. Stat. §559.77.

3. Venue is proper in this Circuit pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77.

4. This is an action for damages which does not exceed $75,000.00.

5. Plaintiff, LARRY RUMBOUGH, is a natural person and is a resident of the State of Florida.

6. Defendant, CAPITAL ONE BANK ("Capital One"), is an unknown entity.

7. Defendant, ALLIANCEONE RECEIVABLES MANAGEMENT, INC. ("AllianceOne"), is a Delaware corporation, authorized to do business in Florida.

8. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

9. Plaintiff sent dispute letters to Experian regarding inaccuracies on his credit report reported by Capital One on January 10, 2008, March 20, 2008, May 10, 2008, June 27, 2008, and August 12, 2008. The details of Plaintiff's disputes are outlined in those letters.

10. Plaintiff sent dispute letters to Trans Union regarding inaccuracies on his credit report reported by Capital One on January 10, 2008 and March 20, 2008. The details of Plaintiff's disputes are outlined in those letters.

11. Capital One has reported false information about Plaintiff to credit reporting agencies including Equifax, Experian, and Trans Union, and continued to do so despite Plaintiff's numerous disputes about the account that were transmitted through the credit reporting agencies.

12. The inaccuracies include, but are not limited to, the amount of the alleged debt, the date of alleged delinquency, the status of alleged delinquency, and the status of dispute by Plaintiff.

13. Capital One did not provide a notice of such furnishing of negative information, in writing, to Plaintiff.

14. Capital One has repeatedly failed to conduct a proper investigation of Plaintiff's disputes and repeatedly failed to inform the credit reporting agencies that the account was in dispute.

15. On June 29, 2007, AllianceOne obtained Plaintiff's credit report from Experian, thereby reducing his credit score. AllianceOne used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

16. On June 14, 2008, Capital One obtained Plaintiff's credit report from Equifax. Capital One used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

17. On January 23, 2009 AllianceOne called Plaintiff attempting to collect on a nonexistent alleged debt.

18. On or about February 4, 2009, AllianceOne sent Plaintiff a letter attempting to collect on a nonexistent alleged debt.

19. On August 4, 2008, Plaintiff accepted an offer of judgment against Capital One in a similar lawsuit. After the filing of that lawsuit, Capital One continued to violate the law. Those later violations were not part of the previous lawsuit.

(a) Capital One and AllianceOne willfully violated §1681b(f) by willfully using false pretenses or knowingly without a permissible purpose to obtain Plaintiff's consumer report, by falsely representing or certifying that the report was being obtained for a permissible purpose as defined by §1681b.

(b) Capital One violated § 1681s-2 by not properly conducting and reporting reinvestigations of information disputed by Plaintiff through the credit reporting agencies.

WHEREFORE, Plaintiff demands judgment for damages against Capital One and AllianceOne for actual or statutory damages, and punitive damages, attorney's fees and court costs, and grant such other and further relief as the court deems just and proper, pursuant to 15 U.S.C. §1681(n) and 15 U.S.C. §1681(o).

## COUNT II
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692
## BY DEFENDANT ALLIANCEONE

27. Paragraphs 1 through 19 are realleged as though fully set forth herein.

28. Plaintiff is a consumer within the meaning of §1692a(3).

29. AllianceOne are debt collectors within the meaning of §1692a(6).

30. AllianceOne violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) AllianceOne violated §1692e(2) by falsely representing the character, amount, or legal status of any debt.

(b) AllianceOne violated §1692e(5) by threatening to take any action that could not legally be taken or that was not intended to be taken.

(c) AllianceOne violated §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(d) AllianceOne violated §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(e) AllianceOne violated §1692e(11) by failing to warn that it was a debt collector.

(f) AllianceOne violated §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(g) AllianceOne violated §1692g by failure to send a validation notice within five days of the initial communication.

(h) AllianceOne violated §1692g(b) by not ceasing collection efforts until the debt was validated.

## COUNT I
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
## BY DEFENDANTS CAPITAL ONE AND ALLIANCEONE

20. Paragraphs 1 through 19 are realleged as though fully set forth herein.

21. Plaintiff is a consumer within the meaning of §1681a(c).

22. Capital One is a furnisher of information within the meaning of §1681s-2.

23. §1681b(f) provides:
"A person shall not use or obtain a consumer report for any purpose unless—
(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
(2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

24. §1681s-2 provides:
"After receiving notice pursuant to section §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall
(A) conduct an investigation with respect to the disputed information;
(B) review all relevant information provided by the consumer reporting agency pursuant to section §1681i;
(C) report the results of the investigation to the consumer reporting agency;
(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly–
(i) modify that item of information;
(ii) delete that item of information; or
(iii) permanently block the reporting of that item of information.

25. §1681s-2 provides:
"If any financial institution that extends credit and regularly and in the ordinary course of business furnishes information to a consumer reporting agency described in section 603(p) furnishes negative information to such an agency regarding credit extended to a customer, the financial institution shall provide a notice of such furnishing of negative information, in writing, to the customer."

26. Capital One and AllianceOne violated the FCRA. Defendant's violations include, but are not limited to, the following:

WHEREFORE, Plaintiff demands judgment for damages against AllianceOne for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

## COUNT III
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI) BY DEFENDANTS CAPITAL ONE, ALLIANCEONE

31. Paragraphs 1 through 19 are realleged as though fully set forth herein.

32. Plaintiff is a consumer within the meaning of §559.55(2).

33. Capital One and AllianceOne are debt collectors within the meaning of §559.55(6).

34. Capital One and AllianceOne violated the FCCPA. Defendants' violations include, but are not limited to, the following:
   (a) Capital One and AllianceOne violated §559.72(3) by not telling Plaintiff that it would disclose to another information affecting Plaintiff's reputation for credit worthiness without also informing Plaintiff that the existence of the dispute would also be disclosed.
   (b) Capital One and AllianceOne violated §559.72(6) by disclosing information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact.
   (c) Capital One and AllianceOne violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.

WHEREFORE, Plaintiff demands judgment for damages against Capital One and AllianceOne for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

## VERIFICATION

All the above statements are true to the best of my knowledge. I understand that a false statement in this Verified Complaint may subject me to penalties of perjury.

Dated: May 29, 2012

Respectfully submitted,

*Larry Rumbough*
Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered this 29th day of May, 2012 by U.S. Mail delivery to:

Dale T. Golden
Golden & Scaz, PLLC
201 North Armenia Avenue
Tampa, FL 33609

*Larry Rumbough*
Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859

UNITED STATES DISTRICT COURT

RECEIVED
2012 MAY 29 PM 4: 52
U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

LARRY RUMBOUGH
Plaintiff,

v.

CAPITAL ONE BANK
ALLIANCE RECEIVABLES
MANAGEMENT

VERIFIED COMPLAINT

*Larry Rumbough* (signature)