**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**CASE NO. 6:12-cv-00818-ACC-DAB**

LARRY RUMBOUGH,

Plaintiff,

v.

CAPITAL ONE BANK; ALLIANCEONE RECEIVABLES MANAGEMENT, INC.,

Defendants.

---

**DEFENDANT CAPITAL ONE BANK (USA), N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND SUPPORTING MEMORANDUM OF LAW**

Defendant Capital One Bank (USA), N.A. ("Capital One"), incorrectly named in the Complaint as "Capital One Bank," by counsel, respectfully moves this Court to dismiss Plaintiff's Complaint filed on May 29, 2012, pursuant to Federal Rules of Civil Procedure 41(b) and 12(b)(6), on grounds that:

1. Plaintiff has failed to comply with the Court's July 17, 2012 Order instructing him to serve process on Capital One within 21 days from the date of the Order (i.e., by August 7, 2012), Dkt. No. 2; and
2. Plaintiff's claims were resolved in a prior action, *Rumbough v. Capital One Bank & Capital One Services, Inc.*, No. 6:07-cv-1484-Orl-22DAB, Dkt. Nos. 46, 59 & 71, and thus are precluded in this action.

Accordingly, and because amendment would be futile, Plaintiff's Complaint should be dismissed with prejudice.

**INTRODUCTION AND STATEMENT OF RELEVANT FACTS**

Plaintiff is a frequent *pro se* litigator, including against Capital One. He has failed on many occasions to follow courts' instruction. This case is nothing new. Because Plaintiff already has failed to comply with the Court's Order to serve process on Capital One and simply repeats claims that he brought or could have brought in a prior action against Capital One, Plaintiff's Complaint should be dismissed with prejudice.

Some five years ago in 2007, Plaintiff first filed an action against "Capital One Bank," its affiliate Capital One Services, Inc., and two additional entities alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), and the Florida Consumer Collection Practices Act ("FCCPA") in relation to collection efforts and reporting of an alleged debt he owed Capital One. No. 6:07-cv-1484-Orl-22DAB, Dkt. Nos. 1 & 46.

Capital One moved to dismiss some of Plaintiff's claims under the FCCPA and the FCRA, which the Court granted. *Id*., Dkt. Nos. 53 & 59. Capital One made an offer of judgment on the remaining claims pursuant to Federal Rule of Civil Procedure 68, Florida Rule of Civil Procedure 1.442, and Section 768.79 of the Florida Statutes. *Id*., Dkt. No. 68-2. It offered to pay Plaintiff $10,000 and "remove the Capital One trade-line from Plaintiff's credit report and cease reporting any information to any credit reporting agencies related to Plaintiff's credit card account with Capital One" in exchange for "full and final settlement of all claims that have been asserted *or could have been asserted by Plaintiff*" in the action against Capital One. *Id*. (emphasis added). Plaintiff accepted the

offer. *Id*., Dkt. No. 69. The court entered Judgment on Offer and Acceptance on August 4, 2008. *Id*., Dkt. No. 71.

On January 21, 2010, Plaintiff nevertheless included Capital One as a defendant in a putative class action complaint filed against more than 30 defendants, again alleging violations of the FDCPA, the FCRA, and the FCCPA. *Rumbough v. Equifax Info. Servs., LLC, et al.*, No. 6:10-cv-117-Orl-22DAB, Dkt. No. 1. Plaintiff acknowledged the similarity between the allegations against Capital One in the class action complaint and the allegations in the prior action. *Id*. ¶ 150 ("Plaintiff accepted an offer of judgment against Capital One in a similar lawsuit."). In fact, Plaintiff's only additional allegations against Capital One were that it made an impermissible pull of Plaintiff's credit report on June 14, 2008, and generally "did not provide a notice of such furnishing of negative information." *Id*. ¶¶ 148-49. The alleged impermissible pull was almost two months before the August 4, 2008 Judgment on Offer and Acceptance in the prior action. *Id*. ¶ 150. Plaintiff never served the summons and class action complaint on Capital One.

In response to another defendant's motion to dismiss, Plaintiff sought to amend the putative class action complaint. No. 6:10-cv-117-PCF-KRS, Dkt. No. 35. The court granted Plaintiff's request for leave to amend but required him to post bond with the amended pleading because of Plaintiff's "background as a frequent pro se litigator" and because he had "previously been required to post bond, which he failed to do." *Id*., Dkt. No. 142. Plaintiff filed an amended complaint but failed to post bond as required by the Order. *Id*., Dkt. No. 148. As a result, the court dismissed and closed the case on August 30, 2010. *Id*., Dkt. No. 164.

Plaintiff appealed the dismissal of the class action complaint, and the Eleventh Circuit vacated and remanded. *Rumbough v. Equifax Info. Servs., et al*., 464 F. App'x 815 (11th Cir. 2012). The Eleventh Circuit held that the district court should have considered Plaintiff's financial ability to post bond before dismissing his complaint. *Id*. As a result, this Court reopened the case and allowed Plaintiff to file an individual complaint against each defendant in a separate action. No. 6:10-cv-117-Orl-22DAB, Dkt. No. 189.

Plaintiff filed this Complaint against Capital One and Alliance One Receivables Management, Inc. ("Alliance One") on May 29, 2012, and served Alliance One with a summons and the Complaint. Dkt. Nos. 1 & 2. Plaintiff again alleges violations of the FDCPA, the FCRA, and the FCCPA related to the collection and reporting of a disputed debt. Compl. ¶ 1. The allegations against Capital One – that it violated multiple provisions of the FCRA and the FCCPA – differ from the 2007 complaint that resulted in the Judgment on Offer and Acceptance in that (1) Plaintiff alleges, as he did in the putative class action complaint, that Capital One made an impermissible pull of Plaintiff's credit report on June 14, 2008, and generally "did not provide a notice of such furnishing of negative information;" and (2) he alleges that he continued to dispute a Capital One credit report by sending dispute letters to credit reporting agencies on multiple occasions in 2008. *Id*. ¶¶ 9-10, 13, 16. Plaintiff alleges that he sent all but one of these dispute letters before the date of Judgment on Offer and Acceptance in the prior action. *Id*. ¶¶ 9, 10, 19.

On July 17, 2012, this Court ordered Plaintiff to "serve Capital One with process within 21 days of the date of this Order." Dkt. No. 2. Plaintiff failed to serve Capital One within this time (by August 7, 2012), in clear violation of that Order. Plaintiff did not even

obtain a summons for Capital One until two days after the deadline for serving process had passed, on August 9, 2012. Dkt. No. 9. And, instead of serving Capital One with process, Plaintiff simply mailed the Complaint to Capital One's headquarters, which does not constitute valid service under Florida law. As a result, Plaintiff still has not properly served the summons and Complaint on Capital One. Nevertheless, Capital One responds, hopefully to end this litigation once and for all.

## MEMORANDUM OF LAW

### I. Plaintiff's Complaint Should Be Dismissed For Failure To Comply With A Court Order.

This Court should dismiss Plaintiff's Complaint for failure to comply with its Order directing Plaintiff to serve Capital One with process within 21 days from the date of its Order.

"A district court has inherent authority to manage its own docket" and may dismiss a claim pursuant to Fed. R. Civ. P. 41(b) if a plaintiff fails to comply with a court order. *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009); *see also* Fed. R. Civ. P. 41(b). Dismissal is warranted where (as in this case) the court is managing protracted litigation, the court's order is clear, and the plaintiff still does not comply with the order. *Owens v. Pinellas Cnty. Sheriff's Dep't*, 331 F. App'x 654, 655 (11th Cir. 2009) (affirming dismissal of plaintiff's action for failure to comply with a court order directing plaintiff to submit forms for service on defendants within 20 days and file a motion to reopen the case with 30 days of the appellate court's ruling on his interlocutory appeal); *see also Bell v. Fla. Highway Patrol*, 2012 U.S. App. LEXIS 10461,

at *2-3 (11th Cir. May 24, 2012) (affirming dismissal of plaintiff's third amended complaint for failing to follow clear instructions in court order on how to plead it).

"Although *pro se* pleadings are to be construed liberally, 'procedural rules in ordinary civil litigation' should not be interpreted 'so as to excuse mistakes by those who proceed without counsel.'" *Bell*, 2012 U.S. App. LEXIS 10461, at *2 (citation omitted).

Here, the Court has given Plaintiff numerous opportunities to perfect any claims he thinks he might have against Capital One. Most recently, the Court reopened Plaintiff's case and allowed him to file a new complaint against Capital One on a separate docket even though he never properly served Capital One with a summons and the class action complaint filed in January 2010. No. 6:10-cv-117-Orl-22DAB, Dkt. Nos. 1 & 189. In its July 17, 2012 Order, the Court instructed Plaintiff to serve Capital One with the summons and Complaint within 21 days of the date of the Order. Dkt. No. 2.

Plaintiff failed to do so. He simply mailed the summons and Complaint to Capital One's corporate headquarters in Virginia but made no attempt to actually *serve* Capital One with process. He did not seek a waiver of service as permitted by Rule 1.070(i) of the Florida Rules of Civil Procedure, which would have allowed service by mail had Capital One agreed to waive. In fact, even if the mailing were proper, it was still untimely because Plaintiff did not obtain the summons until August 9, which was 23 days after the Court ordered Plaintiff to serve Capital One with process.

There is no evidence that Plaintiff failed to understand the Order or how to comply with it. To the contrary, he has properly served other defendants since he filed the putative class action complaint in January 2010. *See generally*, No. 6:10-cv-117. For whatever

reason, he did not serve process on Capital One, ignoring the Court's explicit instructions to do so and in spite of the latitude this Court has already afforded Plaintiff. "A district court need not tolerate defiance of reasonable orders." *Equity Lifestyle Props.*, 556 F.3d at 1241. Accordingly, Plaintiff's Complaint should be dismissed. *St. Fleur v. Brights*, 2006 U.S. Dist. LEXIS 4290, at *4 (M.D. Fla. Jan. 26, 2006) (identifying nothing preventing plaintiff from complying with the court's order and dismissing complaint pursuant to Rule 41(b) for plaintiff's failure to do so).

## II. Plaintiff's Claims Are Precluded In This Action.

Plaintiff's Complaint should also be dismissed because it is barred by *res judicata* or, in the alternative, precluded by the terms of the Judgment on Offer and Acceptance entered in the prior action.

"Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief." *Nat'l Parks Conservation Ass'n v. United States DOI*, 2012 U.S. Dist. LEXIS 116906, at *12 (M.D. Fla. Apr. 12, 2012). *Res judicata*, or claim preclusion, applies to a prior judgment to bar claims in a subsequent proceeding when (1) the prior judgment is valid; (2) the prior judgment is final and on the merits; (3) there is identity of both parties or their privies; and (4) the later proceeding involves the same cause of action as the earlier proceeding. *Wallace v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544, 1550 (11th Cir. 1990). "Claims are part of the same cause of action when they arise out of the same transaction or series of transactions." *Id*. at 1551.

Here, the first and second elements are satisfied because the court entered final judgment on Plaintiff's previous complaint. It granted Capital One's Rule 12(b)(6) motion

to dismiss Plaintiff's claims brought under Fla. Stat. § 559.72(6) and 15 U.S.C. § 1681s-2(a), and "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits," *NAACP v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990). For the remaining claims, the Court entered judgment on Capital One's offer of judgment and Plaintiff's acceptance of that offer. *See, e.g.*, *Nelson v. Cavalry Portfolio Servs., LLC*, 2010 U.S. Dist. LEXIS 40745, at *6 (D. Colo. Mar. 24, 2010) (following courts that "have treated judgments resulting from offers of judgment under Rule 68 the same as final judgments which result from merit-based adjudications").

The third element of *res judicata* is satisfied because Plaintiff sued the same defendant here, Capital One Bank, as he did in his prior suit.[1]

The fourth element is also satisfied because this Complaint concerns a dispute over the same credit reporting that Plaintiff disputed in the prior complaint, in violation of the same statutes, and related to the same underlying debt. No. 6:07-cv-1484-Orl-22DAB, Dkt. No. 46, ¶ 9 ("The card . . . was the only Capital One account that Plaintiff has ever had."). As Plaintiff admits, he "accepted an offer of judgment against Capital One in a similar lawsuit." Compl. ¶ 19.

Moreover, in addition to *res judicata* barring the claim, the language in the Judgment on Offer and Acceptance in the prior action precludes the present action. *See Garcia v. Scoppetta*, 289 F. Supp. 2d 343, 350 (E.D.N.Y. 2003) ("The purpose of the rule requires that Rule 68 judgments be given some preclusive effect."); *see also Hivner v. Active Elec., Inc.*, 2012 U.S. Dist. LEXIS 102006, at *13 (S.D. Ohio July 23, 2012) (It

[1] As noted at the beginning of this brief, Plaintiff incorrectly named "Capital One Bank" as a defendant. The correct entity is Capital One Bank (USA), N.A.

"'would be a mistake to suggest that Rule 68 judgments should be accorded no preclusive effect.'") (citation omitted). Here, Plaintiff expressly accepted an offer as "full and final settlement of all claims that have been asserted or could have been asserted by Plaintiff in this action against Capital One." No. 6:07-cv-1484-Orl-22DAB, Dkt. Nos. 68-2 & 69. Thus, the parties resolved all claims that were pled, or could have been pled. Plaintiff cannot now assert claims he could have brought, but simply chose not to, in the prior action.[2]

**III. Plaintiff's Complaint Should Be Dismissed With Prejudice.**

Finally, because any amendment to Plaintiff's Complaint would be futile, it should be dismissed with prejudice. *Dodd v. Corporate Does Nos. 1-100*, 2010 U.S. Dist. LEXIS 71927, at *4 (M.D. Fla. June 28, 2010) ("[T]he plaintiff should not be given a chance to amend, since, in light of the *res judicata* determination, any amendment would be futile."), *adopted by* 2010 U.S. Dist. LEXIS 71971 (M.D. Fla., July 16, 2010); *see also Busse v. Steele*, 2010 U.S. Dist. LEXIS 104808, at *5, 8 (M.D. Fla. Sept. 30, 2010) (dismissing claims with prejudice on recommendation that amendment would be futile).

[2]Plaintiff's allegation that he sent a dispute letter to Experian "regarding inaccuracies on his credit report" on August 12, 2008 (several days after the court entered the Judgment on Offer and Acceptance), Compl. ¶ 9, does not change this fact. As one court in this Circuit has explained, an FCRA claim accrues when the defendant fails to investigate the first complaint about the inaccurate information. *Blackwell v. Capital One Ban*k, 2008 U.S. Dist. LEXIS 23339, at *7-8 (S.D. Ga. Mar. 25, 2008) ("To allow . . . claims to go forward based upon the subsequently submitted complaints would allow plaintiff to indefinitely extend the limitations period and render it a nullity."). Plaintiff alleges that he sent multiple dispute letters about the inaccurate information prior to date of the Judgment on Offer and Acceptance in the prior action. Compl. ¶¶ 9-10, 19. Thus, Plaintiff could have brought *all* of his claims in the prior action but did not do so.

## CONCLUSION

For the reasons stated above, Defendant Capital One (USA), N.A., respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice and grant any other relief this Court deems appropriate.

Dated: September 6, 2012

Respectfully Submitted,

**MCGUIREWOODS LLP**

By: */s/ R. Eric Bilik*
R. Eric Bilik
Florida Bar No. 0987840
ebilik@mcguirewoods.com
Emily Y. Rottmann
Florida Bar No. 0093154
erottmann@mcguirewoods.com
50 North Laura Street, Suite 3300
Jacksonville, FL 32202
Telephone: (904) 798-3200
Facsimile: (904) 798-3207

and

*Of Counsel:*

Bryan A. Fratkin
bfratkin@mcguirewoods.com
*(Pro Hac Motion To Be Filed)*
Myra H. Chapman
mchapman@mcguirewoods.com
*(Pro Hac Motion To Be Filed)*
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, VA 23219-4030
Telephone: (804) 775-1000
Facsimile: (804) 775-1061

*Attorneys and Trial Counsel for Defendant Capital One Bank (USA), N.A.*

**Certificate of Service**

I hereby certify that on this 6th day of September, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Dale Thomas Golden, Esq.
Dale.golden@goldenscaz.com
Golden & Scaz, PLLC
201 N. Armenia Avenue
Tampa, FL 33609
Telephone: (813) 251-5500
Facsimile: (813-251-3675
*Attorneys for AllianceOne Receivables Management, Inc.*

I further certify that I mailed a copy of the foregoing document and the notice of electronic filing by first-class mail on the 6th day of September, 2012, to the following non-CM/ECF participant:

Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
*Pro Se Plaintiff*

*/s/ R. Eric Bilik*
R. Eric Bilik

41825296_7