UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO. 6:12-cv-00818-ACC-DAB

LARRY RUMBOUGH,

    Plaintiff,

v.

CAPITAL ONE BANK; ALLIANCEONE
RECEIVABLES MANAGEMENT, INC.,

    Defendants.

_____

**DEFENDANT CAPITAL ONE BANK (USA), N.A.'S REPLY IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Capital One Bank (USA), N.A. ("Capital One"), incorrectly named in the Complaint as "Capital One Bank," by counsel, submits this Reply brief in support of its Motion to Dismiss Plaintiff's Complaint.

**MEMORANDUM OF LAW**

Plaintiff's claims are without merit, and his request for leave to amend his Complaint is futile. Accordingly, and for the reasons stated in Capital One's moving memorandum, Plaintiff's Complaint should be dismissed.

**I.  Plaintiff Failed To Timely Serve Capital One**

First, Plaintiff incorrectly claims in his Response brief that he served Capital One "within the deadline set by the Court" because he had "three additional days to abide by the Court's order." D.E. 19, Pl's Resp. Br. 1. Plaintiff fails to cite any authority in support of this claim. To the extent he tries, he cannot rely on Federal Rule of Civil Procedure 6(d), which provides three additional days for a party to act when it must act

"within a specified time after *service*" made by mail.  Fed. R. Civ. P. 6(d) (emphasis added).  This Court ordered Plaintiff to act "within 21 days of the date of [the] . . . Order" (i.e., by August 7, 2012) (D.E. 2) and not within a specified time after service.  *See Miller v. Ford Motor Co.*, Case No. 2:01-cv-545-FtM-29DNF, 2004 U.S. Dist. LEXIS 26543, at *13 (M.D. Fla. Dec. 17, 2004) (" . . . Rule 6(e)[1] does not apply to time periods that are triggered by the entry of judgment or an order.").  Plaintiff, by his own admission, failed to do so.  D.E. 19, Pl's Resp. Br. 1 ("The Sherriff's return shows the Movant was served on August 15, 2012.").

Moreover, even if Plaintiff had or believed he had three additional days to abide by the Court's Order, he still failed to timely serve Capital One.  Plaintiff claims that he "was required to serve Capital One by August 10, 2012," then states that Capital One was served on August 15, 2012.  *Id*.  Because Plaintiff thus has no excuse – not even an erroneous reading of Rule 6(d) – for failing to comply with the Court's Order, his Complaint should be dismissed.  *St. Fleur v. Brights*, 2006 U.S. Dist. LEXIS 4290, at *4 (M.D. Fla. Jan. 26, 2006) (identifying nothing preventing plaintiff from complying with the court's order and dismissing plaintiff's complaint for his failure to do so).

## II.   Plaintiff's Claims Are Precluded By A Prior Judgment And Should Be Dismissed

Second, Plaintiff argues that his claims are not precluded because of misconduct by Capital One "after the filing of the original complaint in the case" and "after the final judgment" in his Complaint.  D.E. 19, Pl's Resp. Br. 2.  This is incorrect.

---

[1] "Federal Rule of Civil Procedure 6(e) . . . has been deleted and is now listed as Federal Rule of Civil Procedure 6(d)."  *Cordell v. Pac. Indem. Co.*, 335 Fed. App'x 956, 958 n.3 (11th Cir. 2009).

2

Even if Plaintiff's claims arose after he filed the complaint in *Rumbough v. Capital One Bank & Capital One Services, Inc.*, No. 6:07-cv-1484, they accrued before the Judgment on Offer and Acceptance in that action and thus are precluded here. In *Thomas v. Blue Cross & Blue Shield Ass'n*, the parties entered a settlement to release claims that, as in this case, "were or could have been asserted" in the action. 594 F.3d 814, 817 (11th Cir. 2012). The court held that "the relevant inquiry for determining whether a claim is released is not whether the acts giving rise to the complaint occurred" in the action but whether they occurred after the effective date of the *agreement*. *Id*. at 822; *cf. Shulman v. Liberty Mutual Fire Ins. Co.*, 2006 U.S. App. LEXIS 9290, at *9 (11th Cir. Apr. 13, 2006) (holding that res judicata applies to claims where plaintiff was aware of the underlying facts of the claims before settling the prior related action) (applying state law). In the prior action, as in *Thomas*, Plaintiff and Capital One agreed to settle "all claims that . . . could have been asserted by Plaintiff" and thus all claims that could have been brought before the date of Judgment on Offer and Acceptance. No. 6:07-cv-1481-ACC-DAB, D.E. 68-2 & 71. As discussed in Capital One's moving memorandum, Plaintiff alleges conduct on the part of Capital One occurring, in all but one instance, before that date.

Plaintiff's only allegation of conduct in the Complaint occurring after the date of the judgment is no exception. Plaintiff alleges that he sent a dispute letter to Experian "regarding inaccuracies on his credit report" on August 12, 2008. D.E. 1, Compl. ¶ 9. As one court in this Circuit has explained, a Plaintiff cannot continue to send dispute letters on the same allegedly inaccurate report to trigger a new FCRA claim. *Blackwell v.*

*Capital One*, 2008 U.S. Dist. LEXIS 23339, at *7 (S.D. Ga. Mar. 25, 2008) ("To allow . . . claims to go forward based upon the subsequently submitted complaints would allow plaintiffs to indefinitely extend the limitations period and render it a nullity."). Rather, the claim runs from when the defendant failed to investigate the first complaint about the inaccurate information. *Id*. at *8. Here, Plaintiff alleges that he sent multiple dispute letters about the inaccurate information prior to date of the Judgment on Offer and Acceptance in the prior action. D.E. 1, Compl. ¶¶ 9-10, 19. He cannot do an end run around the consequences of the Judgment by continually disputing the same credit report. Accordingly, Plaintiff's Complaint should be dismissed.

**III.   Plaintiff's Request To Amend His Complaint Should Be Denied As Improper and Futile**

Finally, Plaintiff's request to amend his complaint should be denied because he has failed to file a proper motion to amend, and amendment, in any case, would be futile.

"Filing a motion is the proper method to request leave to amend a complaint." *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) (*citing* Fed. R. Civ. P. 7(b)(1)); *see also* Local Rule 3.01. Plaintiff did not file a motion to amend, which is alone grounds for denial. *Long*, 181 F.3d at 1279-80 (Where plaintiff failed "to properly request leave to amend," the "district court did not abuse its discretion in denying plaintiff leave to amend her complaint."). Moreover, Plaintiff only makes the conclusory allegation that he has "discovered new, timely violations by Capital One" – he has alleged no *facts* in support of his request to amend his Complaint. D.E. 19, Pl's Resp. Br. 2. "A motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." *Long*, 181 F.3d at 1279. Because Plaintiff's request to

4

amend is devoid of substance, it should be denied for the additional reason that it is futile. *Vanderberg v. Donaldson*, 259 F.3d 1321, 1327 (11th Cir. 2001) (affirming denial of motion for leave to amend as futile where plaintiff "failed to allege new facts from which the district court could have concluded that [he] . . . may have been able to state a claim successfully"); *see also Patel v. Ga. Dep't BHDD*, 2012 U.S. App. LEXIS 16464, at *4 (11th Cir. Aug. 8, 2012) (concluding that granting motion for leave to amend would have been "futile" where Plaintiff "provided no reason for the district court to believe that he could offer sufficient allegations to make a claim for relief plausible on its face"); *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) ("This court has found that denial of leave to amend is justified by futility when the 'complaint as amended is still subject to dismissal.'") (citation omitted).

## CONCLUSION

For the reasons and authorities stated above, Capital One respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice and grant any other and further relief this Court deems appropriate.

Dated: October 4, 2012.                    McGuireWoods LLP

By: /s/ R. Eric Bilik
R. Eric Bilik
Florida Bar No. 0987840
ebilik@mcguirewoods.com
Emily Y. Rottmann
Florida Bar No. 0093154
erottmann@mcguirewoods.com
50 North Laura Street, Suite 3300
Jacksonville, FL 32202
Telephone: (904) 798-3200
Facsimile: (904) 798-3207

and

Bryan A. Fratkin
bfratkin@mcguirewoods.com
*(Admitted Pro Hac)*
Myra H. Chapman
mchapman@mcguirewoods.com
*(Admitted Pro Hac)*
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, VA 23219-4030
Telephone: (804) 775-1000
Facsimile: (804) 775-1061

*Attorneys and Trial Counsel for Defendant Capital One Bank (USA), N.A.*

**Certificate of Service**

I hereby certify that on October 4, 2012, a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| J. Marshall Gilmore, Esq.<br>1936 Lee Road, Suite 100<br>Winter Park, FL 32789<br>Telephone: (407) 629-7322<br>Facsimile: (407) 599-3801<br>mgilmore@mgilmorelaw.com<br>*Attorney and Trial Counsel for*<br>*Plaintiff Larry Rumbough* | Dale T. Gorden, Esq.<br>201 North Armenia Avenue<br>Tampa, FL 33609<br>Telephone: (813) 251-5500<br>Facsimile: (813) 251-3675<br>dgolden@goldenscaz.com<br>*Attorney and Trial Counsel for*<br>*Defendant AllianceOne Receivables*<br>*Management, Inc.* |

　　　　　　　　　　　　　　　　*/s/ R. Eric Bilik*
　　　　　　　　　　　　　　　　R. Eric Bilik

42532752_3