UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LARRY RUMBOUGH,**

      **Plaintiff,**

v.                                                            Case No:  6:12-cv-818-Orl-22DAB

**CAPITAL ONE BANK and
ALLIANCEONE RECEIVABLES
MANAGEMENT, INC.,**

      **Defendants.**

_____/

**ORDER**

This cause comes before the Court on Defendant Capital One Bank (U.S.A.), N.A.'s ("Capital One") Motion to Dismiss Plaintiff's Complaint and Supporting Memorandum of Law (Doc. No. 13), and Plaintiff Larry Rumbough's ("Plaintiff") response thereto (Doc. No. 19).

Capital One, pursuant to *Federal Rules of Civil Procedure* 41(b) and 12(b)(6), seeks dismissal with prejudice of the Plaintiff's Complaint because: (1) Plaintiff failed to comply with Court's July 17, 2012 Order by serving Capital One more than 21 days after the date of the Court's Order (Doc. No. 2) and (2) Plaintiff's claims are barred by the defense of res judicata. (*See* Doc. No. 13).

Based on the specific factual circumstances of the present case, the Court declines to dismiss with prejudice this action for failure to serve Capital One in a timely manner. On August 14, 2012, the *pro se* Plaintiff affected service on Capital One through the Sheriff's Office of Fairfax County, Virginia (Doc. No. 19 at p. 6). Despite Capital One's claim that Plaintiff only affected service through the mail, Plaintiff's response shows the contrary.

As to the second basis, the Eleventh Circuit has clarified that res judicata is not a defense under Rule 12(b)(6) but rather it is an affirmative defense that should be raised under Rule 8(c). *Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir. 1982) (citation omitted). However, "a party may raise a res judicata defense by motion rather than by answer where the defense's existence can be judged on the face of the complaint." *See id.* (citations omitted).

In the present case, Capital One argues that Plaintiff's claims are barred by the prior action between the parties. Although Capital One refers to prior court documents in its motion, it does not attach these documents for support. Moreover, reviewing the face of the Complaint, the Court does not find that res judicata can be judged from reading Plaintiff's allegations regarding the prior suit.[1] *See Concordia*, 693 F.2d at 1075; *see also id.* at 1076 ("Additional evidence, preferably a copy of the state trial court's records, is required in order to apply the doctrine of res judicata in the context of either a Rule 12(b)(6) motion to dismiss or a Rule 56 motion for summary judgment. 'As a general rule, a court in one case will not take judicial notice of its own records in another and distinct case even between the same parties, unless the prior proceedings are introduced into evidence.'" (citations omitted)).

Reviewing the record and the Eleventh Circuit case law, the Court finds that Capital One's affirmative defense of res judicata may be more properly addressed at the summary judgment stage. *See Jones v. Gann*, 703 F.2d 513, 515 (1983) ("A party may successfully raise this defense in a Rule 56 summary judgment motion by introducing sufficient information into the record to allow the court to judge the validity of the res judicata defense." (citation omitted)).

---

[1] In his Complaint, Plaintiff alleges, "On August 4, 2008, Plaintiff accepted an offer of judgment against Capital One in a similar lawsuit. After the filing of that lawsuit, Capital One continued to violate the law. Those later violations were not part of the previous suit." (Doc. No. 1 at ¶ 19).

Therefore, based on the foregoing, it is **ORDERED** that Capital One's Motion to Dismiss Plaintiff's Complaint and Supporting Memorandum of Law (Doc. No. 13) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Orlando, Florida on November 1, 2012.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties