## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

LARRY RUMBOUGH,

     Plaintiff,

                                  Case No. 6:12-cv-818-Orl-22DAB

-v-

CAPITAL ONE BANK; ALLIANCEONE
RECEIVABLES MANAGEMENT, INC.,

     Defendants.

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR
## SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11

Plaintiff, Larry Rumbough, hereby responds to Defendant's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11, and states:

1. AllianceOne Motion for Sanctions is completely unsupported by any facts or law and appears to have been filed deliberately in bad faith. The entire Motion complains of allegations in the <u>First</u> Amended Complaint (Doc 42), which was withdrawn and replaced by Plaintiff's Second Amended Complaint (Doc 50).

2. The Motion is for supposed sanctions pertaining to Plaintiff's filing of his First Amended Complaint (Doc 42) filed on May 24, 2013  This complaint was supplanted by Plaintiff's Second Amended Complaint (Doc 50)  filed on August 5, 2013.  In an abundance of caution by Plaintiff, the latter complaint eliminated any of the allegations of violations of law against AllianceOne that were in any way questionable. Yet AllianceOne is now seeking sanctions for a pleading and allegations that are no longer operable or pertinent to the case as of the filing of Defendant's Motion for Sanctions.

1

3. Defendant's Motion continues on for 18 pages complaining about whether or not Plaintiff's First Amended Complaint's  allegations had merit, basically loading in all of the exact same allegations Defendant used in its Motion to Dismiss (Doc 44).  But Rule 11 Motions and culpability are not appropriate in this case. If a party fails on the merits that does not trigger a Rule 11 sanction and nowhere has the Defendant alleged any evidence that would support Rule 11 culpability. Altran Corp. v. Ford Motor Co. 502 U.S. 939, 112 S. Ct. 373, 116 L. Ed. 324 (1991)   There is no evidence contradicting that AllianceOne violated the statutes as outlined in the Second Amended Complaint. There was only a ruling by the Court that this Second Amended Complaint did not meet the necessary standards of pleading.  There was never a ruling on the merits of any of Plaintiff's allegations.  Further, AllianceOne actually excludes Plaintiff's count on the claim under 15 U.S.C. § 1692e(11) from application of its Rule 11 Motion at page 2 and 18 (Doc 66).

4. A motion for sanctions does not allow for all attorney's fees to be paid by one party to another as it is not a "fee shifting" provision.  It only allows those which are directly attributable to the sanctionable behavior. However, in this instance none of those facts apply in that the First Amended Complaint was no longer the operable pleading and Movant has not pled any sanctionable  facts.

5. AllianceOne apparently completely misunderstands the nature of a motion for sanctions. There is no indication that Plaintiff or his attorney, Marshall Gilmore, committed any sanctionable offense and no such actions have been pled.

6. AllianceOne's attorney never conferred with Plaintiff's attorney regarding this motion as is required by Local Rule 3.01(g)

MEMORANDUM OF LAW

7. The "safe harbor " provisions of Rule 11 provide that if the Party withdraws the challenged claim, that no motion shall be filed( F. R. Civ. P.11(c)(2)).  In the case at hand, Movant cites as the grounds for sanctions the First Amended Complaint. This was withdrawn and a Second Amended Complaint was filed that did not have most of the contentions Movant complained of. Movant's Motion for Sanctions is actually a violation of Rule 11 itself as there are no valid grounds alleged in it and it is totally based on and refers to an inoperable pleading wasting both the Court's time and Plaintiff's counsel's time to.

8. The court must follow the "snapshot rule": liability is assessed as of the date the document is filed. CQ Intern Co.Inc. v.  Rochem Intern, Inc. USA 659 F.3d 53, 63(1st Cir. 2011) and Marlin v. Moody Nat. Bank, 533 F 3d 374, 380(5th Cir. 2008).  In our case the First Amended Complaint was long gone when this Motion for Rule 11 was filed.

9. The court may award attorney fees to the prevailing party opposing a Motion for Rule 11 Sanctions ( F.R.Civ. P.11(c)(2).  Margolis v. Ryan, 140 F 3d 850 (9th Cir. 1998).  Plaintiff argues that the Motion for Rule 11 sanctions is so frivolous in its 18 pages referring to an inoperable and withdraw pleading as its basis and so devoid of any facts showing sanctionable behavior, that the Court should order that the Defendant pay Plaintiff's attorney's fees for having to respond to such a defective motion.


WHEREFORE, Plaintiff requests that the Court deny AllianceOne's motion as frivolous and award Plaintiff his fees in having to respond to this motion.

Dated: October 11, 2013

Respectfully submitted,

__*s/ J. Marshall Gilmore*_____
**J. Marshall Gilmore, Esq**.
Attorney for Larry Rumbough, Plaintiff
Fla Bar No. 840181
1936 Lee Road, Suite 100
Winter Park, FL 32789
(407) 937-8675 and (321) 591-9922
 (407) 599-3801 fax
mgilmore@mgilmorelaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered

this 11th day of October, 2013 by CM/ECF system.

__*s/ J. Marshall Gilmore*_____

4